**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12576

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LENARD ROY GIBBS,
a.k.a. Danger,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cr-00207-CAP-CMS-1

_____

Before ABUDU, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Lenard Gibbs, a federal prisoner proceeding pro se, appeals the district court's denial of his Federal Rule

of Civil Procedure 60(b)(4) motion.  Using Rule 60, Gibbs had argued that his criminal judgment was void, but the district court denied that motion because a Rule 60 motion cannot provide relief from a criminal judgment.  On appeal, he argues that the district court improperly denied his Rule 60 motion because the court misstated that Rule 60 does not apply to criminal proceedings, which deprived him of due process, as his sentence was illegal under *United States v. Davis*, 588 U.S. 445 (2019).  After careful review, we affirm.

## I.

Before we turn to the merits of Gibbs' appeal, we need to address two motions that he filed with this court.  Gibbs also has filed a "Motion to Take Judicial Notice" of § 60.24 of Moore's Federal Practice, a secondary source that he asserts is relevant to the merits of his Rule 60(b) argument.  In his motion, Gibbs also requests an "order of default" and requests that we declare his reply brief's arguments as uncontested because the government did not respond to his reply brief.  Gibbs has also moved to take "Emergency Judicial Notice" of the 2024 version of the Federal Rules of Civil Procedure.

Gibbs's "Motion to Take Judicial Notice" and "Motion for Emergency Judicial Notice" are **DENIED** because his citation of sources relevant to Rule 60(b) does not affect our analysis of his appeal, as Rule 60(b) does not permit him to challenge his criminal judgment.  Moreover, Gibbs's request for an "order of default" is

**DENIED** because our procedural rules do not require an appellee to respond to an appellant's reply brief.

## II.

Turning to Gibbs' appeal of the denial of his Rule 60(b) motion. We typically review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017). This court has said that Rule 60 applies only in civil cases, and a motion under that rule is not a proper way to challenge a criminal conviction or sentence. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). Despite this law, Gibbs argues that he can seek relief from criminal judgments under this rule. This argument is clearly meritless. The district court here clearly explained this to Gibbs, following our circuit's precedent. As a result, the district court did not abuse its discretion in denying his Rule 60(b) motion.

**AFFIRMED.**